## UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

| | | |
|---|---|---|
| **TRACEY M.,** | ) | |
| | ) | |
| **Plaintiff** | ) | |
| | ) | |
| **v.** | ) | **No. 1:22-cv-00188-JAW** |
| | ) | |
| **KILOLO KIJAKAZI,** | ) | |
| **Acting Commissioner of** | ) | |
| **Social Security,** | ) | |
| | ) | |
| **Defendant** | ) | |

## REPORT AND RECOMMENDED DECISION

The Plaintiff in this Supplemental Security Income appeal contends that the Administrative Law Judge (ALJ) erred in (1) making a determination unsupported by expert opinion that she could stand and/or walk for up to six hours in a workday, (2) failing to comply with directives of the Appeals Council on remand, and (3) erroneously rejecting the opinion of a treating physician. *See* Statement of Errors (ECF No. 14) at 3-13. I agree that the ALJ's finding that the Plaintiff could stand and/or walk for up to six hours in a workday is unsupported by substantial evidence and, on that basis, recommend that the Court vacate the Commissioner's decision and remand this case for further proceedings consistent with this decision. I need not and do not reach the Plaintiff's remaining points of error.

## I. Background

Post-remand, the ALJ found, in relevant part, that the Plaintiff (1) had the severe impairments of lumbar spine degenerative disc disease with L4 to L5 central

1

canal stenosis, gastroparesis, degenerative joint disease/chondromalacia of the right knee, and endometriosis status-post hysterectomy and cystotomy, *see* Record at 604, (2) could perform light work as defined in 20 C.F.R. § 416.967(b), except that she could occasionally climb ramps and stairs, never climb ladders, ropes, or scaffolds, and occasionally balance on narrow or slippery surfaces, stoop, kneel, crouch, and crawl, *see id.* at 609, (3) could perform jobs existing in significant numbers in the national economy, *see id.* at 619, and (4) therefore was not disabled, *see id.* at 620.   The Commissioner admits that the decision challenged by the Plaintiff is the final decision for purposes of judicial review and that the Plaintiff has exhausted her administrative remedies.   *See* Complaint (ECF No. 1) ¶¶ 3-4; Answer (ECF No. 8) ¶¶ 3-4.

## II.  Standard of Review

A final decision of the Commissioner is subject to judicial review to determine whether it is based on the correct legal standards and supported by substantial evidence. *See* 42 U.S.C. § 1383(c)(3); *Seavey v. Barnhart*, 276 F.3d 1, 9 (1st Cir. 2001). Substantial evidence in this context means evidence in the administrative record that a reasonable mind could accept as adequate to support an ALJ's findings. *See Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019).   If an ALJ's findings are supported by substantial evidence, they are conclusive even if the record could arguably support a different result. *See Irlanda Ortiz v. Sec'y of Health & Hum. Servs.*, 955 F.2d 765, 769 (1st Cir. 1991).   But an ALJ's findings "are not conclusive when derived by

ignoring evidence, misapplying the law, or judging matters entrusted to experts." *Nguyen v. Chater*, 172 F.3d 31, 35 (1st Cir. 1999).

## III. Discussion

The First Circuit has held that "since bare medical findings are unintelligible to a lay person in terms of residual functional capacity [(RFC)], the ALJ is not qualified to assess [RFC] based on a bare medical record." *Gordils v. Sec'y of Health & Hum. Servs.*, 921 F.2d 327, 329 (1st Cir. 1990). "This principle does not mean, however," that an ALJ "is precluded from rendering common-sense judgments about functional capacity based on medical findings" as long as he or she "does not overstep the bounds of a lay person's competence and render a medical judgment." *Id.* The Plaintiff argues that the ALJ's finding that she was capable of sitting and/or standing for six hours in an eight-hour workday was neither buttressed by expert opinion nor the product of a commonsense judgment, rendering it unsupported by substantial evidence. *See* Statement of Errors at 4-8; Reply (ECF No. 18) at 1, 5. The Commissioner rejoins that this finding was at least indirectly supported by two expert opinions and, in any event, the ALJ made a permissible commonsense judgment. *See* Opposition (ECF No. 17) at 3-11. The Plaintiff has the better argument.

"[T]he full range of light work requires standing or walking, off and on, for a total of approximately 6 hours of an 8-hour workday." SSR 83-10, 1983 WL 31251, at *6 (1983). In deeming the Plaintiff capable of doing so, the ALJ rejected two sets of sharply contrasting opinions: those of two treating sources that the Plaintiff could

stand and/or walk for less than two hours in an eight-hour workday and those of two agency nonexamining consultants that she had no physical functional limitations. *See* Record at 616-19.[1]  He gave great weight to another medical provider's opinion that the Plaintiff was able to shower, bathe, return to work, return to school, drive, and lift up to 25 pounds.  *See id.* at 618.

As the Commissioner acknowledges, *see* Opposition at 10, the ALJ's finding that the Plaintiff retained the capacity to stand and/or walk for about six hours in an eight-hour workday is not directly supported by any expert opinion of record, *see* Record at 616-19.  However, the Commissioner argues that remand is not required because (1) the agency nonexamining consultants' opinions continue to lend support to that determination and, (2) rather than impermissibly construing raw medical data, the ALJ "drew from the [Plaintiff's] reported activities, the relatable clinical findings in her treatment notes, and the conflicting opinions and findings of 10 different medical professionals to determine an appropriate RFC."  Opposition at 10-11.

On the first point, the Commissioner contends that, although the Plaintiff "is technically correct that no medical source explicitly stated that she could stand/walk for the six hours that the full range of light work requires," that "is the logical implication of [the two agency nonexamining consultants'] opinions that the clinical evidence supported no physical limitations."  *Id.* at 10.  She cites authority from the United States District Court for the Eastern District of Michigan for the proposition

---

[1] The ALJ also rejected the opinion of a third treating source that the Plaintiff could stand and/or walk for two hours in an eight-hour workday.  *See* Record at 616.

that even though the ALJ rejected those opinions as inconsistent with the record, they "were still 'buoy[s] that kept the ALJ from being totally at sea' when he found that the record was more consistent with a light RFC than the restrictions that her treating providers endorsed." *Id.* (quoting *Williams v. Berryhill*, No. 2:18-cv-10052, 2019 WL 1274821, at *4 (E.D. Mich. Mar. 20, 2019)).  In contrast to the Eastern District of Michigan, however, this Court has conceptualized such rejected opinions as trees falling in a forest. *See, e.g.*, *Staples v. Berryhill* ("*Lisa Staples*"), No. 1:16-cv-00091-GZS, 2017 WL 1011426, at *5 (D. Me. Mar. 15, 2017) (rec. dec.) (characterizing an ALJ's rejection of expert opinions that a claimant had no mental limitations on the basis that experts had not seen material later-submitted evidence as "effectively a concession" that the opinions "could not stand as substantial evidence of her mental RFC"), *aff'd*, 2017 WL 1194182 D. Me. Mar. 30, 2017)).

On the second point, the Commissioner posits that the ALJ drew on the Plaintiff's activities of daily living, "reported improvement with medication," and "mostly normal examination findings," which "are not the kind of raw medical data that ALJs are unqualified to interpret," to support "a logical inference that she could tolerate at least light work."  Opposition at 7.

Yet, the First Circuit has clarified that (1) a layperson's commonsense assessment of a claimant's functional capacity is appropriate only if the evidence "suggests a relatively mild physical impairment posing, to the layperson's eye, no significant exertional restrictions," and, (2) even when such a commonsense assessment can be made, the record can be "sufficiently ramified that understanding

it requires more than a layperson's effort at a commonsense functional capacity assessment." *Manso-Pizarro v. Sec'y of Health & Hum. Servs.*, 76 F.3d 15, 17-19 (1st Cir. 1996) (characterizing the record before the ALJ as sufficiently ramified to require expert RFC guidance in view of "the illegibility of non-trivial parts of the medical record, coupled with identifiable diagnoses and symptoms that seem to indicate more than mild impairment").

The evidence before the ALJ in this case suggested more than a mild impairment in the Plaintiff's ability to stand and/or walk for six hours in an eight-hour workday and was sufficiently ramified to require more than a layperson's commonsense assessment that she retained that degree of standing/walking ability. As the Plaintiff notes, *see* Statement of Errors at 4-5, a MRI of her lumbar spine disclosed abnormalities at several levels, including  "[m]ild central canal stenosis" and "[p]otential encroachment upon the left L4 nerve root and the lateral recess" at L3-4, "[m]ild to moderate central canal stenosis with potential encroachment on the L5 nerve roots and lateral recesses" at L4-5, and "[m]ild central canal stenosis" and "[e]ncroachment upon the left S1 nerve root and the lateral recess" an L5-S1, Record at 450, and a MRI study of her right knee showed significant chondromalacia patella (significant lateral facet degenerative joint disease), *see id.* at 297.  Her treating sources cited one or both impairments as causes of her standing/walking limitations. *See id.* at 492 (back spasms and neck pain), 524 (chronic low back pain and knee pain), 1215-16 (degenerative disc disease in the lumbar spine with central canal stenosis).

The ALJ's conclusion that the Plaintiff retained the ability to stand and/or walk for six hours in an eight-hour workday, hence, is unsupported by substantial evidence.   That error, in turn, undermined the relevance of the testimony of a vocational expert (VE) on which the ALJ relied to meet the Commissioner's Step 5 burden to prove that a person with the posited RFC could perform jobs existing in significant numbers in the national economy, warranting reversal and remand.  *See id.* at 619-20; *Arocho v. Sec'y of Health & Hum. Servs.*, 670 F.2d 374, 375 (1st Cir. 1982) (holding that the responses of a VE are relevant only to the extent offered in response to hypothetical questions that correspond to the medical evidence of record).

## IV.  Conclusion

For the foregoing reasons, I recommend that the Commissioner's decision be **VACATED** and the case **REMANDED** for proceedings consistent with this decision.

### *NOTICE*

*A party may file objections to those specified portions of a Magistrate Judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the District Court is sought, together with a supporting memorandum, within fourteen (14) days after being served with a copy thereof.  A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the District Court and to appeal the District Court's order.*

Dated: January 31, 2023

/s/ Karen Frink Wolf
United States Magistrate Judge

7